The People of the State of Illinois ex rel. Warner Construction Company, Appellant, v. Chicago Park District, Appellee.

Gen. No. 39,147.

Heard in the third division of this court for the first district at the October term, 1936. Opinion filed June 30, 1937.

CHESTER E. CLEVELAND, of Chicago, for appellant.

CHARLES CENTER CASE, of Chicago, for appellee; PHILIP A. LOZOWICK and MARTIN G. LOEFF, both of Chicago, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

This is an appeal from an order of the superior court of Cook county, dismissing a petition for a writ of mandamus, in part, as follows (abstract):

"(1)   Petitioner, Warner Construction Company, is a corporation under the laws of Illinois, with its principal office and place of business in Chicago.

"(2)   That the defendant, Chicago Park District, is a municipal corporation under the laws of the State of Illinois, having the rights, powers and duties as shown by the statutes in such case made and provided.

"(3)   That the Commissioners of Lincoln Park was formerly a municipal corporation under the laws of the State of Illinois.

"(4) That on April 29, 1933, petitioner recovered a judgment in the Superior Court of Cook County against the Commissioners of Lincoln Park for $42,030.12; that the Commissioners of Lincoln Park appealed from said judgment to the Appellate Court and on December 19, 1934, said Appellate Court entered its order as follows:

"That it had examined the record of the Superior Court and found nothing therein erroneous, vicious, or defective, except that the judgment of the Superior Court failed to include the sum of $1,000 admitted by defendant to be due plaintiff, and that in the record there was no error except as aforesaid.

"Therefore, it was considered by the court that the judgment be amended by changing and increasing the amount thereof to $43,030.12, and so amended said judgment was affirmed and should stand in full force and effect for said sum of $43,030.12.

"That upon the allegations and proofs in the record, the court found the issues in favor of appellee and against appellant, and that appellee ought to have and recover from appellant its damages by it sustained by reason of the premises.

"The court being fully advised did assess the damages in favor of the appellee and against appellant in the sum of $43,030.12.

"Therefore, it was considered by the court that appellee, Warner Construction Company, have and recover from the Commissioners of Lincoln Park its damages of $43,030.12 in form as aforesaid by the court assessed in lieu of said judgment of said Superior Court of Cook County, together with its costs to be taxed."

The petition recites that defendant refuses to pay interest on the amount of the judgment in the superior court to the date of the judgment in the Appellate Court, its position being that it is only required to pay interest on the Appellate Court judgment from the date of its rendition. This is its only defense.

In the suit instituted by the Warner Construction Company against the Commissioners of Lincoln Park, as stated in the petition, a judgment was entered in the superior court, upon the verdict of a jury, for $42,030.12. Thereafter, an appeal was taken to this court, and after a review of the record, this court concluded that plaintiff was entitled to recover $1,000 more than the amount of the judgment entered in the superior court, and entered judgment here for $43,030.12, as shown by the petition and our record. The judgment of the superior court was entered on April 29, 1933, for $42,030.13, and on this judgment, under the statute, plaintiff is entitled to recover the amount of five per cent interest from the date of its entry to December 19, 1934, the date of the judgment entered here, and interest at the same rate on $43,030.12 from December 19, 1934, until the judgment of this court is paid. The prayer of the petition is that defendant be compelled to pay the amount due plaintiff under the law.

In the former opinion, this court said: (278 Ill. App. 42)

''The plaintiff indicated by cross error that it regarded the amount of the judgment as being erroneously entered, and in part we have agreed with this contention, and upon this suggestion entered judgment in this court for the amount stated in the opinion. It follows, this being the judgment entered interest will be computed from the date of the judgment entered in this court.

''For the reasons stated in this opinion, the judgment will be affirmed in part as to the sum of $42,030.12, and amended so as to include the $1,000 admitted by the defendant to be due the plaintiff, and therefore judgment will be rendered here for the sum of $43,030.12.''

The record indicates that the trial court stated, in effect, that he found it impossible to construe the opinion of this court. The language of the opinion is perfectly clear, and there is nothing in it to construe. The judgment of the superior court was affirmed. One thou-

sand dollars was added to it, and judgment was entered here for the total. It is, therefore, ordered that the judgment of the superior court dismissing the petition, be reversed, that the cause be remanded, and that the court enter an order conforming to this opinion.

*Reversed and remanded with directions.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.